Minshall, J.
On May 20,1885, Patrick O’Harra, Jr., filed a petition in the Probate Court of Mahoning county, against The Lawrence Railroad Company, and its lessee, the Pennsylvania Company, to compel the company, under the provisions of section 6448, Revised Statutes, to appropriate its track upon lands claimed to be owned by the plaintiff, and particularly described in the petition.
To this petition three defenses were interposed by The Lawrence Railroad Company:
First. A denial that the plaintiff is the owner of the land.
Second. That its railroad track was constructed in the year 1867 in a regularly laid out and established highway that had been used by the public for more than forty years prior thereto; that prior to the building of its road, it entered into a contract with the commissioners of Mahoning county, whereby it was granted the right to construct its road in said highway; that said highway was occupied by it in accordance with the terms of the contract, and is the land claimed by the plaintiff. Wherefore the defendant claimed that the action, not having been commenced within two, four, six, or even ten years from the completion of its line of railway, is barred by the statute. Section 3283, Revised Statutes.
Third. That subsequent to the building of said railroad, to wit: in the year 1868, the city limits of the city of Youngs *351 town were extended, so as to bring within said city the part of its railroad track concerning which the plaintiff makes complaint. That after such extension of its limits, the city of Youngstown ratified and adopted the contract made between the defendant and the commissioners of Mahoning county, and brought an action upon the same, in the year 1872, against the defendant, claiming damages for non compliance with some of the conditions of the contract. That at the January term of the Court of Common Pleas for Mahoning county, for the year 1873, judgment was duly entered in favor of this defendant, and against the city of Youngstown, which still stands unreversed and unmodified. Wherefore, the plaintiff should not recover, for the reason that his alleged cause of action did not accrue within two, four, six or even ten years from the entering of said judgment.
The court sustained a demurrer to the second and third defenses, which is assigned for error.
After the demurrer was sustained, The Lawrence Railroad Company filed an amendment to its first defense, intended to make the denial of the plaintiff’s title more definite; and then moved to dismiss the proceeding on the ground that the title of the plaintiff to the land being put in issue, the court was without jurisdiction to hear and determine the same, as it was entitled to a jury trial upon the issue, which, as claimed, could not be had in that court. This motion was overruled, which is also assigned for error.
Thereupon the court, no jury being demanded, proceeded to determine the preliminary questions, and found that the plaintiff is the owner of the land; that The Lawrence Railroad Company in 1867 located and constructed its road upon it; that in 1871 the Pennsylvania Company took possession of it under a lease, and has ever since continued to use and occupy it; that the land has never been appropriated, and that the plaintiff is entitled to compel the defendants to proceed and appropriate and pay for the land. To which exceptions were reserved. •
It then appears from the record, that without waiving the *352 benefit of any exceptions to the previous rulings of the court, to which the defendants had reserved exceptions, it was expressly agreed by the parties, that the empaneling of a jury should be waived, and that the amount of compensation due the plaintiff for the appropriation of the land, should be considered the sum of $900, and should stand for the verdict of a jury, as fully as if a jury had been empaneled and returned a verdict for that amount.
A motion for a new trial was then made, overruled, and a bill of exceptions taken and made a part of the record, and judgment rendered for the plaintiff, which was affirmed on error in the court of common pleas, and, also, by the circuit court.
The following assignments of error are relied on, for a reversal of the judgment in each of the lower courts:
1. The court erred in sustaining the demurrer to the second and third defenses of The Lawrence Railroad Company.
2. The court erred in overruling the motion to dismiss the proceeding on the ground before stated.
3. The court erred in finding the plaintiff to be the owner of the land.
The ground of the first defense is that the proceeding to compel an appropriation of the land in question was barred under the provisions of section 3283, Revised Statutes-. This section incorporates the provisions of the act in force at the time the company took possession of the land, and, under which, it has continued to occupy the same as a roadway. 54 Ohio Laws, 133, § 12, When it is necessary in the location of any part of a railroad to occupy any public road or street, it authorizes the railroad company and the public authorities having control of such highway, to agree upon the manner, terms and conditions upon which the same may be done, with the proviso that the company “ shall be responsible for injury done thereby to private property lying upon or near to such ground, which may be recovered by civil action brought by the owner before the proper court, at any time within two years from the completion of such track.”
It is apparent from its terms, that this case does not come *353 within the provisions of this statute. It is not a suit for injuries done to any property lying upon or near tbe roadwaj1-, and to which the statute only by its terms applies; it is a suit brought by one claiming to be the owner in fee-simple of the roadway itself, to compel the company to appropriate and pay for the land as provided in section 6448, Revised Statutes. The fact that the road was occupied by the company under an agreement with the commissioners of the county, as provided in section 3283, does not in any way affect the right of the owner in fee of the soil of the road to be compensated for the appropriation of his property. The distinction is properly stated in Railroad Co. v. Williams, 35 Ohio St. 168, 172, where it is said, “in such case, the rights of the public, and the rights of the owner, are- entirely distinct; and the consent, express or implied, of one to the appropriation, would not bind or affect the rights of the other.” Where, however, the highway is occupied by the company under an agreement with the public authorities having control of it, the owner may compel the institution of proceedings for its condemnation under section 6448, Revised Statutes. Railroad Co. v. Robbins, 35 Ohio St. 531; Railroad Co. v. Williams, supra. The remedy in such case is a substitute for an action to recover the possession, and we fail to perceive why it should be barred in any shorter period than an action for such purpose; particularly, as it would seem, that when a highway has been taken possession of by a railroad company under an agreement with the public authorities, a proceeding to compel condemnation is the only remedy of the landowner. Railroad Co. v. Robbins, supra.
It would have been entirely competent for the legislature to have limited the right of a landowner to two years, in which to compel a condemnation of his property in a case like this; and it would also have been an easy matter to have done so, if such had been the purpose; but, under a well settled rule of construction, the employment of language which does not include the landowner, excludes any such purpose as to him on the part of the legislature.
The ground on which the third defense is based, seems far *354 fetched. How the landowner could be affected by the result of a suit between the Railroad Company and the city of Youngstown, and to which the landowner was not a party, is not readily perceived. The court did not, therefore, err in sustaining the demurrer to each of these defenses.
As to the jurisdiction of the court: The claim here made is, that, where the company denies the title of the landowner, the court is without power to determine the issue, and must dismiss the proceeding, on the ground that an issue of fact as to title can only be determined bjr a jury, if demanded by either party, which, as claimed, cannot be had in the probate court.
It is quite clear a probate court may be clothed with such jurisdiction bj1- the legislature. It is declared by the constitution to be a court of record; that it shall have jurisdiction in various matters peculiar to a probate court, and finally, “ such other jurisdiction in any county or counties, as may be provided by law.” Sections 7 and 8, article 4, constitution. The last clause has been held to be enabling and not restricting ; and that what may be conferred on a probate court in one or more counties, may, by a general law, be conferred on it in all the counties of the state. Giesey v. Railroad Company, 4 Ohio St. 308-320. So that under the constitution the probate court has capacity for receiving jurisdiction quite as great as that of the coui’t of common pleas. It is not a court of general jurisdiction; but that is because such powers have not been conferred on it by statute as have been conferred on the common pleas. So that the question here is, not what capacity has been given the probate courts of the state by the constitution, but what jurisdiction has been conferred on them in the several counties of the state, by the legislature.
Section 6448, Revised Statutes, provides, in substance, that when any incorporated company of this state, clothed with the power of eminent domain, is occupying the land of any person, that has not been condemned, or is not held under an agreement with the owner, the owner may, by filing a petition in the probate court, compel the company to condemn *355 and pay for the land. There can be no question but that the legislature intended by this section to clothe the probate court with power to hear and determine all questions connected with the proceeding — the title of the claimant to the land, as well as the compensation to be paid for its use. It could not have been the intention of the legislature that the jurisdiction of the court to hear and determine the matter, should be made to depend upon the kind of answer the company might make, irrespective of its truth. If that were so, it would amount to an anomaly in procedure, for the power to hear and determine is of the essence of all jurisdiction.
But if, in the trial of the case, an issue of fact may arise that can only be determined by a jury, should it be demanded by either party, then, in order that it may be said that the court has jurisdiction, it must appear that it is also clothed with power to empanel a jury to try the issue ; otherwise its jurisdiction is defective, and cannot be said to exist; and it would seem that there cannot be much doubt that such would be the right of either party, in a proceeding to compel the appropriation of land by a railroad company. The party instituting the proceeding must be the owner of the land, or of some interest in it. If this be denied, the issue to be tried would be the same as if a suit had been brought to recover the possession, in which either party is entitled to a jury upon any issue of fact arising in the case. The change in the remedy from a suit to recover the possession to a form of proceeding in which the value, instead of the land, is recovered, should not be held to deprive either party of the mode of trial to which he would have been entitled, if the suit had been to recover the possession, instead of the value of the land. Hence the question in the case seems narrowed to the inquiry, whether the probate court may, when the title of the landowner is denied by the company, empanel a jury to try the question of fact so made: For we cannot accept the suggestion, as a solution of the difficulty, that such issue may be reserved for trial in the common pleas, in analogy to the provisions contained in section 6442, Revised Statutes, where, in a proceeding com *356 menced by the company, it may be done, if there are diverse and conflicting claims to the real estate sought to be appropriated.
No express provision on the subject is to be found in the procedure provided by statute for the probate court; indeed the special rules of procedure provided for this court, are quite limited, because, by section 6411, Revised Statutes, all the provisions of law governing civil proceedings in the court of common pleas, are made applicable to the probate court, where there is no special provision on the subject applicable to that court. Again it is provided in section 537, Revised Statutes, that the probate judge shall, in the exercise of the jurisdiction conferred on his court, have the same powers and be governed by the same regulations as are provided by law for the courts of common pleas, and, by section 539, it is made his duty to issue all process and notices, not contrary to law, “ necessary and proper to carry into effect the powers granted to him.”
Now, various methods are provided by statute for empaneling juries in the court of common pleas. Thus the parties may under section 5185 have a struck jury, and under section 5168 special juries may be empaneled by the court. We see no reason why either of these methods for obtaining a jury might not be adopted, under the provisions above referred to, for the purpose of obtaining a jury, if necessary, in any proceeding in the probate court, where there is no special provision applicable to the case. In such case any order which it would be necessary for the common pleas to make in the empaneling of a struck jury or a special jury, may be made by the probate court, because necessary to carry into effect the powers granted it in the trial of an issue on which the parties are entitled to a jury.
The power of the probate judge to empanel a jury, irrespective of special provisions, is recognized in section 6400, Revised Statutes. He is there given a discretion in any civil matter to order the question to be tried by a jury. The conferring of the discretion implies power in the judge to empanel a jury: and, if he may empanel a jury where he has a *357 discretion, he may, by adopting the same method, empanel it where the rights of the parties make it his duty to do so. This provision accentuates, as we think, the construction placed on the sections above referred to; for it can hardly be supposed that the legislature would have conferred a power of this kind, without making some provision for its exercise; and no special provision was made for empaneling a jury, for the reason, doubtless, that, in its view, ample provision therefor was to be found in the provisions for the common pleas, made applicable, as above shown, to the probate court.
The court then did not err in refusing to dismiss the proceeding on the denial of the plaintiff’s title; and, as no jury was demanded, it did not err in proceeding to hear and determine the question of the plaintiff’s title. This it could do where no jury was demanded. Trial by jury cannot be said to be denied where it is not demanded.
It is also claimed that the court erred in finding the plaintiff to be the owner of the land. This is a question of fact, and it is sufficient to say here that there was evidence of a very satisfactory nature tending to support the claim.

Judgment affirmed.